### UNITED STATES v. AMERICAN FERMENT CO.

(Circuit Court, S. D. New York. May 11, 1901.)

No. 2,967.

CUSTOMS DUTIES—CLASSIFICATION—POWDERED JUICE FROM PAPAW MELON.
, Powder from the juice of the papaw melon, which in use is made into various forms of medicinal vegetable pepsin, is not dutiable, under section 6 of the tariff act of 1897, as a manufactured article not otherwise provided for, nor is it entitled to free entry under paragraph 548 of the

free list as a crude drug not edible, "and not advanced in value or condition by refining or grinding or other process," but is dutiable under paragraph 20 as a drug not edible, which has been advanced in value or condition by grinding; it appearing from the evidence that the juice of the melon, when dried in the sun, is in the form of crumbles or lumps, and is subjected to a grinding process between boards to reduce it to the powdered form.

Appeal by the United States from a decision of the board of United States general appraisers, which sustained the protest of the importers as to the merchandise in question.

D. Frank Lloyd, Asst. U. S. Atty.
Albert Comstock, for appellee.

COXE, District Judge (orally). The article in controversy is a powder from the juice of the papaw melon. It was classified by the collector under section 6 of the act of 1897, as a manufactured article, not otherwise provided for. The importer protested insisting that it should have been admitted free of duty as a crude drug not edible "and not advanced in value or condition by refining or grinding, or by other process," as provided in paragraph 548 of the same act. He also protested in the alternative that if not permitted to enter free it should be classified under paragraph 20 of the same act as a drug, not edible, but which has been "advanced in value or condition by refining, grinding, or other process, not specially provided for in this act." The board of general appraisers, following the decision of this court in the case of U. S. v. Godwin (C. C.) 91 Fed. 753, decided that it was entitled to free entry under paragraph 548.

In the case to which reference has just been made the court found that the article imported "is a powder from the juice of the papaw melon, caught in pans, dried in the sun, sifted to take out foreign substances, packed in tins, and exported. It is not used nor fit for medicine, but is made into various forms of medicinal vegetable pepsin." There was no evidence in that case to show that the papaw juice was ever in a more crude merchantable condition than in the powdered form in which it was imported. It now appears that after the juice has exuded from the melon and coagulated it is scraped off from the melon or the receptacle in which it is permitted to drop and then appears in the condition found in Exhibit 2, in the form of crumbles or small lumps approximately the size of a pea and is of a dark brown color. It also appears from the testimony of the importer himself, who was called as a witness by the government, that he is familiar with the manner in which the article is prepared for the market, and that after the papaw juice is found in the condition just described it is spread upon a board with another board over it, and subjected to a process of grinding, by which it is reduced to the powdered condition in which it is imported as illustrated by Exhibit J4, which represents the importation in the present case. It seems to me that there is no escape from the conclusion that this additional process is a refining or grinding by which the juice is advanced from the condition in which it appears when first taken

from the melon, and therefore, clearly, it is not within paragraph 548 of the free list.

The alternative paragraph mentioned in the protest, paragraph 20, provides for a specific duty of one-fourth of one cent per pound and in addition thereto an ad valorem duty of ten per cent. upon "drugs * * * which are not edible, but which are advanced in value or condition by refining, grinding, or other process." What has been said with reference to paragraph 548 leads, I think, logically to the conclusion that the importation in question is a drug which has been advanced by the process of grinding; and therefore it is assessable under paragraph 20 of the act.

There was some suggestion in the argument that the importation in question is not affected by the testimony of Mr. Johnson for the reason that it was imported from Yucatan and his evidence relates to what he saw in the West Indies. The difficulty with this contention is twofold—First, there is no evidence that the importation came from Yucatan, it is merely an inference drawn from certain loose expressions in the evidence; and, second, even if it be conceded that it came from Yucatan, there is nothing whatever to show there is any distinction between the papaw melon of Yucatan and the papaw melon of the West Indies.

The decision of the board of general appraisers is reversed and the collector is advised to take duty under paragraph 20 of the act of 1897.