UNITED STATES *v.* SNOW'S UNITED STATES SAMPLE EXPRESS CO. (No. 1747).[1]

1. CONSTRUCTION, PARAGRAPH 358, TARIFF ACT of 1913.

   The words " by whatever name known," in the third clause of paragraph 358, tariff act of 1913, do not modify the word " laces " in the first.

2. JACQUARD FIGURED FLAX LACES FOR MAKING CURTAINS.

   Jacquard figured flax laces, chiefly used in making lace curtains, are dutiable under paragraph 258, tariff act of 1913, as Jacquard figured upholstery goods, and not under paragraph 358 as " laces."

United States Court of Customs Appeals, December 2, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7922 (T. D. 36501).
[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

*Crim & Wemple* (*William L. Wemple* and *George C. Winne* of counsel) for appellee.

[Oral argument October 24, 1916, by Mr. Baldwin and Mr. Wemple.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

For a statement of the case and the conclusions reached by the board, we quote the opinion of Howell, General Appraiser, as follows:

The merchandise involved consists of flax laces, which are Jacquard figured. Duty was assessed thereon by the collector at the rate of 60 per cent ad valorem under the provision of paragraph 358, tariff act of 1913, which paragraph reads as follows:

358. Laces, lace window curtains not specifically provided for in this section, coach, carriage, and automobile laces, and all lace articles of whatever yarns, threads, or filaments composed; handkerchiefs, napkins, wearing apparel, and all other articles or fabrics made wholly or in part of lace or of imitation lace of any kind; embroideries, wearing apparel, handkerchiefs, and all articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, or scalloped by hand or machinery, any of the foregoing by whatever name known; edgings, insertings, galloons, nets, nettings, veils, veilings, neck rufflings, ruchings, tuckings, flouncings, flutings, quillings, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine, and not specially provided for; trimmings not specially provided for; woven fabrics or articles from which threads have been omitted, drawn, punched, or cut, and with threads

---

introduced after weaving, forming figures or designs, not including straight hemstitching; and articles made in whole or in part, of any of the foregoing fabrics or articles; all of the foregoing of whatever yarns, threads, or filaments composed, 60 per centum ad valorem.

The importers claim that these laces are dutiable at the rate of 35 per cent ad valorem under the provision in paragraph 258 for "tapestries, and other Jacquard figured upholstery goods, composed wholly or in chief value of cotton or other vegetable fiber."

The record shows that the laces here in question, which, as we have said, are Jacquard figured, are chiefly used in the making of lace curtains, and such use brings them within the provision for "Jacquard figured upholstery goods." Carter *v.* United States (6 Ct. Cust. Appls., 253; T. D. 35475).

The Assistant Attorney General contends, however, that the Carter case is not controlling, inasmuch as paragraph 358 provides, as he says, for "laces by whatever name known." We think this contention arises from a misreading of paragraph 358. It will be observed, as stated in United States *v.* Snow's United States Sample Express Co. (6 Ct. Cust. Appls., 120; T. D. 35388), that—

With reference to the things to which it relates, the paragraph naturally subdivides into the following clauses, stated in the order of their appearance therein: (1) Laces, window curtains of lace not specially provided for, and all lace articles of whatever yarns, threads, or filaments composed; (2) handkerchiefs, napkins, wearing apparel, and all other articles or fabrics made wholly or in part of real or imitation lace; (3) embroideries, wearing apparel, handkerchiefs, and all fabrics or articles embroidered, tamboured, appliquéd, or scalloped by hand or machinery, any of the foregoing by whatever name known; (4) edgings, insertings, ruchings, tuckings, flounces, and other similar articles, veils, veilings, nets, nettings, and ornaments; (5) loom-woven braids ornamented in the process of weaving or made by other machinery or by hand not specially provided for; (6) trimmings not specially provided for; (7) woven fabrics or articles with threads omitted, cut, drawn, or punched, having new threads introduced and containing figures or designs, as therein specified; (8) articles made in whole or in part of the foregoing fabrics or articles; (9) declares that all the foregoing of whatever yarns, threads, or filaments composed shall be assessed at 60 per cent ad valorem.

From this analysis of the paragraph it is apparent that the phrase "by whatever name known" has reference only to the articles found in the third subdivision and in no way enlarges the provision for "laces" which appears in the first subdivision of the paragraph.

The Assistant Attorney General contends, furthermore, that the reference in paragraph 358 to lace window curtains indicates that goods in the nature of curtain materials are within the contemplation of that paragraph. If that argument is sound as to laces it is equally sound as to the nettings which were passed upon in the Carter case, *supra*, for both laces and nettings of the character here in question are curtain materials, and the court held that it was the use of the nettings as curtain materials which took them out of the *eo nomine* provision for "nettings" and placed them within the provision for "Jacquard figured upholstery goods."

The board construed the former decision of this court aright, and we agree with the holding that the words, "by whatever name known" in clause 3 of the above-quoted paragraph from United States *v.* Snow's United States Sample Express Co., *supra*, can not properly be held to extend or modify the word "laces" in the first paragraph.

*Affirmed.*