## ALTMAN & Co. v. UNITED STATES (No. 2082).[1]

1. CONSTRUCTION, "NOT SPECIALLY PROVIDED FOR."

The limitation "not specially provided for" affects a tariff designation only when such designation is brought into competition with another one of equal specificity.—Drakenfeld v. United States (9 Ct. Cust. Appls., 124; T. D. 37979).

2. CONSTRUCTION, PARAGRAPHS 258, 265, AND 358, TARIFF ACT OF 1913.—"JACQUARD FIGURED UPHOLSTERY GOODS"—"MADE ON THE NOTTINGHAM LACE-CURTAIN MACHINE"—"LACE WINDOW CURTAINS."

Window curtains, if they are not otherwise more specifically provided for and are Jacquard figured, are dutiable as "Jacquard figured upholstery goods," under paragraph 258, tariff act of 1913. If they are *lace* window curtains, Jacquard figured, and made on the Nottingham lace-curtain machine, they are dutiable under paragraph 265 as "lace window curtains * * * made on the Nottingham lace-curtain machine." If they are lace window curtains, Jacquard figured and not made on the Nottingham lace-curtain machine, they are dutiable under paragraph 358 as "lace window curtains not specially provided for."

3. LACE WINDOW CURTAINS.

The importation is lace window curtains of Jacquard figured cotton netting counting nine or more spaces to the inch, made on the Nottingham lace-curtain machine, trimmed with Jacquard cotton lace made on the Lever machine, the part made on the Nottingham machine being 75 per cent and that on the Lever machine 25 per cent of the value of the curtains. Since they are not made wholly on the Nottingham machine, they can not be so classified under paragraph 265, tariff act of 1913. They are more specifically provided for as "lace window curtains," in paragraph 358, than as "curtains, * * * and other Jacquard figured upholstery goods," in paragraph 258, and dutiable accordingly.

### United States Court of Customs Appeals, June 2, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8398 (T. D. 38573).

[Affirmed.]

*Churchill, Marlow & Hines* for appellants.

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

[Submitted without oral argument May 4, 1921.]

SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Window curtains imported at the port of New York were classified by the collector of customs as lace window curtains and assessed for duty at 60 per cent ad valorem under that part of paragraph 358 of the tariff act of 1913, which reads as follows:

---

[1] T. D. 38749.

PAR. 358. Laces, lace window curtains not specially provided for in this section * * * and all lace articles of whatever yarns, threads, or filaments composed * * * 60 per centum ad valorem.

The importers protested against the assessment of the collector of customs and claimed that the goods were dutiable either at 35 per cent ad valorem under paragraph 258, as curtains or other "Jacquard figured upholstery goods," or at 45 per cent ad valorem under paragraph 265 as "lace window curtains," "made on the Nottingham lace-curtain machine." The pertinent parts of the paragraphs relied on by the importers are as follows:

PAR. 258. Curtains, * * * and other Jacquard figured upholstery goods, composed wholly or in chief value of cotton or other vegetable fiber; * * * 35 per centum ad valorem.

PAR. 265. Lace window curtains, * * * finished or unfinished, made on the Nottingham lace-curtain machine, and composed of cotton or other vegetable fiber, * * * when counting nine or more points or spaces to the inch, 45 per centum ad valorem.

On the hearing before the board it was stipulated that the curtains were in part of Jacquard figured cotton netting, counting more than nine points or spaces to the inch and made in running lengths "on the Nottingham lace-curtain machine." The running lengths were cut to size and trimmed with Jacquard cotton lace made on the Lever machine. The Jacquard figured netting "made on the Nottingham lace-curtain machine" represented about 75 per cent and the Lever lace about 25 per cent of the value of the completed curtains. On this state of facts the board held that the merchandise was dutiable as assessed under paragraph 358 and not under either of the paragraphs claimed by the importers. The board accordingly overruled the protest and the importers appealed.

In support of the appeal the importers contend, first, that as the goods are curtains and are Jacquard figured, they come within the designation "Jacquard figured upholstery goods," which is a designation by use, and therefore more specific than the provision in paragraph 358 for "lace window curtains not specially provided for;" second, that if not dutiable under paragraph 258 the goods are dutiable under paragraph 265, inasmuch as the fabric of which they are chiefly composed was made on a Nottingham lace-curtain machine.

We have held that the enumeration "Jacquard figured upholstery goods" in paragraph 258 makes use the test of classification and that that designation is more specific than "laces, * * * nets, nettings, * * * of whatever yarns, threads, or filaments composed," a designation so broad that it covers all laces, nets, or nettings, whether used for upholstery or other purposes.—Carter & Son *v.* United States (6 Ct. Cust. Appls., 253; T. D. 35475); United States *v.* Snow's United States Sample Express Co. (7 Ct. Cust. Appls., 312; T. D. 36872); United States *v.* Mills & Gibb (8 Ct. Cust. Appls., 422;

T. D. 37667). But we have not held that paragraph 258 is so all embracing that all "Jacquard figured upholstery goods" are subject to its provisions, and much less have we held that a particular special class of "Jacquard figured upholstery goods" is within its meaning or intention if elsewhere provided for by name. Window curtains are upholstery goods, and if they are Jacquard figured and not otherwise more specifically provided for they are dutiable under paragraph 258. If they are *lace* window curtains, Jacquard figured, and made on the Nottingham lace-curtain machine, then they are not dutiable under paragraph 258, but under paragraph 265, which provides in express terms for curtains of that very character. And if they are lace window curtains, Jacquard figured, and not made on the Nottingham lace-curtain machine, then they are dutiable under paragraph 358 as lace window curtains, inasmuch as such curtains are not otherwise specially provided for.

"Lace window curtains" is a class of curtains and a class of upholstery goods, and is therefore a narrower designation than either "curtains" or "Jacquard figured upholstery goods," as used in paragraph 258. True, the designation "lace window curtains" in paragraph 358 is qualified by the phrase "not specially provided for," but as that limitation affects the designation only when brought into competition with a designation *equally* specific (Drakenfeld v. United States, 9 Ct. Cust. Appls., 124; T. D. 37979), it is apparent that as between paragraph 258 and paragraph 358 "lace window curtains" must be classified under the latter provision. The provision in paragraph 265 for "lace window curtains * * * finished or unfinished, made on the Nottingham lace-curtain machine" * * * is unquestionably less comprehensive than the provision for "lace window curtains not specially provided for" in paragraph 358, and the importation in issue would be clearly subject to the duty provided in paragraph 265 were it not for the fact that the curtains were not wholly produced on the Nottingham machine. The netting of the curtains was so produced, but the lace with which they were trimmed and which constituted 25 per cent of the value, was made on the Lever machine. Inasmuch as the goods were not wholly made on the Nottingham lace-curtain machine, they can not be classified under paragraph 265.—In re Smith (108 Fed., 802); Smith v. Read, collector (111 Fed., 795). (T. D. 21942, T. D. 24263.)

As lace window curtains are more specifically provided for in paragraph 358 than in paragraph 258, and as the goods were not lace window curtains made on the Nottingham lace machine, we must hold that the protest was properly overruled and that the decision of the board must therefore be *affirmed*.