**No. 58520.**—Artmart Linen Co., Inc. *v.* United States, protest 183644–K (New York).

FORD Judge: The suit listed above has been submitted for decision upon the following stipulation:

1. That the merchandise covered by this protest consists of cotton lace doilies covered by entry No. 705293 dated July 13, 1950.

2. That the said doilies were produced from lace edging manufactured on a Barmen lace machine from cotton and rayon yarns, that said lace edging is first cut to size with the draw thread pulled so as to shape the lace edging into an unfinished circular lace doily and that the doily is completed by joining together both ends of the unfinished circular lace doily on a sewing machine.

3. That the original lace edging described in paragraph 2 is represented by Exhibit 1, that the unfinished circular lace doily referred to in paragraph 2 is represented by Exhibit 2, that the finished doily is represented by Exhibit 3, that all three said exhibits are attached hereto and made a part hereof and are offered in evidence jointly by the parties hereto.

It is further stipulated that the instant case may be and hereby is submitted upon this stipulation.

The collector classified the involved merchandise as "Lace articles n. s. p. f. (Barmen lace & Singer sewing machines)" and levied duty thereon at the rate of 90 percent ad valorem under paragraph 1529 of the Tariff Act of 1930.

Plaintiff claims said merchandise to be properly dutiable at the rate of 60 percent ad valorem under said paragraph 1529, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as laces of the kind therein specified. Claim is also made that the merchandise is properly dutiable at 40 percent ad valorem under paragraph 923 of said act as manufactures, wholly or in chief value of cotton, not specially provided for.

At the trial, no evidence was offered in support of the claim under said paragraph 923, and no contention was made in the brief filed by counsel for the plaintiff that the merchandise was properly dutiable under said paragraph 923. In view of the state of the record, no further consideration need be given to the claim under said paragraph 923.

The pertinent portions of paragraph 1529 of the Tariff Act of 1930 and of that paragraph, as modified by said T. D. 51802, are as follows:

PAR. 1529. (a) Laces, lace fabrics, and lace articles, * * * made on a lace or net machine, all the foregoing, plain or figured; * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

Paragraph 1529 (a), as modified by T. D. 51802:

Lace made on a machine other than a Levers (including go-through) or bobbinet-Jacquard machine, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part, 60% ad val.

The trade negotiators have defined the word "lace" as follows:

NOTE: The word "lace," wherever used in any item 1529 (a) of this Part means "laces, lace fabrics, or lace articles."

Counsel for the defendant contends, in effect, in its brief filed herein that because the modified paragraph uses the words "Lace made on *a* machine" [italics ours], and the record shows that the involved merchandise was made on a Barmen lace machine and also on a sewing machine, it is not subject to the provisions of the modified paragraph, set out above. In other words, counsel for the defendant argues that in order for merchandise to be covered by said modified paragraph, it must be made and completed on a single machine other than a Levers (including go-through) or bobbinet-Jacquard machine. We think this is too narrow a construction to be given to said paragraph. It is our view that so long as the involved merchandise was not made on a Levers, go-through, or bobbinet-Jacquard machine, it is immaterial that more than one machine was used in its production. It is clear that a Barmen lace machine and a sewing machine are neither a Levers, go-through, or bobbinet-Jacquard machine. In the modified paragraph, the trade negotiators have made it clear that lace made on a Levers, go-through, or bobbinet-Jacquard machine cannot find classification under the said modified paragraph at 60 percent ad valorem. The said trade negotiators have also made it clear that so long as lace is made on any machine other than a Levers, go-through, or bobbinet-Jacquard machine, that such merchandise is covered by said modified paragraph.

In *Altman & Co.* v. *United States*, 11 Ct. Cust. Appls. 102, T. D. 38749, relied upon by counsel for the defendant as supporting its contention set out above, the competing paragraphs were as follows:

PAR. 258. Curtains * * * and other Jacquard figured upholstery goods, composed wholly or in chief value of cotton or other vegetable fiber; * * * 35 per centum ad valorem.

PAR. 265. Lace window curtains, * * * finished or unfinished, made on the Nottingham lace-curtain machine, and composed of cotton or other vegetable fiber, * * * when counting nine or more points or spaces to the inch, 45 per centum ad valorem.

In the above case, the Court of Customs Appeals held that:

* * * The provision in paragraph 265 for "lace window curtains * * * finished or unfinished, made on the Nottingham lace-curtain machine" * * * is unquestionably less comprehensive than the provision for "lace window curtains not specially provided for" in paragraph 358, and the importation in issue would be clearly subject to the duty provided in paragraph 265 were it not for the fact that the curtains were not wholly produced on the Nottingham machine. The netting of the curtains was so produced, but the lace with which they were trimmed and which constituted 25 per cent of the value, was made on the Lever machine. Inasmuch as the goods were not wholly made on the Nottingham lace-curtain machine, they can not be classified under paragraph 265.—In re Smith (108 Fed., 802); Smith *v.* Read, collector (111 Fed., 795). (T. D. 21942, T. D. 24263.)

In the provision in said paragraph 1529, as modified, for "Lace made on a machine other than a Levers (including go-through) or bobbinet-Jacquard machine," there is no suggestion that the words "other than" were intended to limit the provision to laces made entirely on a single machine. The exception in the paragraph includes three machines, to wit, Levers, go-through, and bobbinet-Jacquard machines. While the quotation from the *Altman* case, *supra*, is undoubtedly sound, as applied to the facts in that case, it is our view that, because of the different state of facts herein, the holding in the *Altman* case, *supra*, has no application here. The provision here is not for laces made on a certain specified machine, as in the *Altman* case, *supra*, but is for laces made on a machine other than a Levers (including go-through) or bobbinet-Jacquard machine, an

entirely different provision from that which was being considered in the *Altman* case, *supra.*

Upon the record before us, and for the reasons stated, we hold the merchandise involved in this case to be properly dutiable at the rate of 60 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as modified by the said General Agreement on Tariffs and Trade, *supra,* as laces made on a machine other than a Levers (including go-through) or bobbinet-Jacquard machine, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.